ST. PAUL, J.
By deed duly registered on November 27, 1916, Len Langston, et al. let and leased certain lands for the purpose of exploiting the same for minerals; and to that end did “grant and convey the exclusive right of drilling and operating thereon for oil or gas and other minerals.”
Which said “exclusive right” passed by mesne conveyances to plaintiff.
On July 10, 1920, said Langston et al. leased and let the “surface rights” in and to (part of) the same lands, including “the exclusive right to block, drain, catch, salvage, recover and reclaim any and all waste oil in the streams, creeks, ravines and ditches thereon.” (Italics ours.)
Which said “surface rights” passed by mesne conveyances to defendants.
On July 29, 1920, plaintiff filed its petition alleging that defendants “have illegally entered upon the property óf petitioners and, trespassing thereon illegally, have taken and carried away quantities of oil produced by petitioner, and other quantities of oil owned by petitioner”; that the acts of defendant were “in pursuance of a plan existing between them, such plan having been practiced for a considerable time”; and that said defendants “while upon the land of petitioner, without lawful authority or permission of petitioner, (have) constructed certain drains and ditches, built dams and pits in furtherance of said plan to take and carry *1012 away crude oil belonging to petitioner, and have done diverse other acts to disturb petitioner in the lawful possession of the property and in the exercise of its exclusive right to exploit said property for oil and gas.” Whereupon petitioner prayed that an injunction issue restraining said defendants, their agents and employees, “from entering or trespassing upon the property of petitioner, and particularly restraining and prohibiting them from taking and carrying away any crude oil situated upon the property of petitioner.”
Defendants answered, in effect, that there were on the land certain branches and drains, from which they had collected and reclaimed the “waste and abandoned oil” which had drained off adjacent oil fields and collected therein; of which oil petitioner was not the owner, and to which defendants alone were entitled under their “surface rights” aforesaid.
A preliminary injunction issued “as prayed for”; which was perpetuated on November 10, 1920, after due trial.
On the same day (November 10th) defendants took a devolutive appeal.
II.
[1] The evidence shows that at one time there had been considerable waste in the oil fields; and, so long as the operators of oil wells saw fit to allow this waste, there could be no conflict between the rights of plaintiffs and those of defendant; for abandoned property belongs to him who first takes possession thereof (C. C. art. 3421; 1 Corp. Jur. 12, 13); and sound public policy requires that those who add to the public wealth by redeeming waste should be encouraged rather than hindered.
But for some time before the occurrences herein complained of by plaintiff this tendency to waste had been greatly checked. Operators generally, and plaintiff in particular, had taken steps to collect in basins (artificial or natural) whatever oil might escape from their works; and all such oil was no longer abandoned either in law or in fact.
Now, the evidence shows that some of defendants’ employees had been assisting the drainage by cutting the dikes surrounding the artificial basins and by digging trenches from the natural basins so as to lead the oil from said basins into the streams and branches aforesaid; wherefrom it was after-wards collected by means of dams to arrest the flow and pumps to lift the oil.
So that there is not the least doubt that plaintiff had just cause for complaint, and that an injunction was properly sued out and allowed herein.
III.
As defendants sought no modification of the injunction, but merely its dissolution in toto; to which they were not entitled; as their lease of July 20, 1920, expired in two years thereafter (that is to say, nearly two years ago); as the evidence satisfies us that with the economical methods then universally adopted in these oil fields, the abandoned oil was only a theory and not a fact, so that the whole matter presents rather an abstract than a practical issue; and since appellants have neither argued their appeal nor filed a brief herein, so that, but for the appellee having filed its brief asking affirmance of the judgment, the case would have gone to the “dead docket” as having been virtually abandoned — it might therefore have sufficed to have ended this opinion with the paragraph immediately preceding this.
But to have done so might have led to the conclusion that we approved the extent to which the injunction might seem to go, since it was granted broadly “as prayed for” in the petition.
[2] In the case before us this is of no consequence, since, for all practical purposes, the injunction merely restrained those acts *1014 of which plaintiff had (particularly) complained; but we must not be understood as sanctioning any claim on the part of the owner of a mineral lease to exclude from the land other persons having rights thereon, lawfully acquired, which do not conflict with such rights as the lessee may reasonably claim as necessary for his own proper enjoyment of his lease. What those rights may be, it is not necessary to consider now; it will sufBce to do so when the occasion arises.
Decree.
The judgment appealed from is therefore affirmed.